**Carl Eugene FALBO, Plaintiff-Appellee,**

v.

**COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, State of Colorado, Defendant-Appellant.**

**No. 85CA1382.**

Colorado Court of Appeals,
Div. IV.

April 9, 1987.

**44**

No appearance for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Richard T. Hill, Asst. Atty. Gen., Denver, for defendant-appellant.

HODGES,* Justice.

The Department of Revenue (Department) appeals from a district court judgment which set aside the Department's order revoking Carl Eugene Falbo's driver's license, and remanded this matter to the Department for a hearing concerning notice. We reverse.

On September 5, 1984, plaintiff was arrested for driving under the influence of intoxicating liquor. A breath test revealed an alcohol content of .202 grams of alcohol per 210 liters of breath. According to the Department's records, Falbo was personally served by a police officer, at the time of his arrest, with a notice of revocation which advised him that he had seven days in which to request a hearing. Falbo did

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3),

not request a hearing within the seven-day period, and, on September 13, 1984, the Department entered an order revoking his driving privileges. Falbo subsequently contacted the Department and requested a hearing. This request was denied as untimely.

Falbo sought review of the revocation order in the district court, alleging that he had not been served by the police officer with a notice of revocation informing him that he had seven days to request a hearing, and that the Department acted arbitrarily and capriciously and denied him due process in revoking his license without affording him a hearing. The district court concluded that the Department acted arbitrarily and capriciously because it denied plaintiff a hearing without considering the reasons for his untimely request. The court further concluded that due process required that plaintiff be granted a hearing on the limited issue of adequacy of notice and therefore ordered the matter remanded for such a hearing.

On appeal, the Department contends that the district court erred in reversing the Department's order of revocation and ordering the matter remanded. We agree.

Section 42–2–122.1(7)(c), C.R.S. (1984 Repl. Vol. 17) provides, in pertinent part, that:

"If a written request for a hearing is made after expiration of the seven-day period and if it is accompanied by the applicant's verified statement explaining the failure to make a timely request for a hearing, the department shall receive and consider the request. If the department finds that the person was unable to make a timely request due to lack of actual notice of the revocation or due to factors of physical incapacity such as hospitalization or incarceration, the department shall waive the period of limitation, reopen the matter, and grant the hearing request."

and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

Section 42–2–122.1(9)(b), C.R.S. (1984 Repl. Vol. 17) mandates that district court review of driver's license revocation proceedings "shall be on the record without taking additional testimony."

Here, the record demonstrates that the police officer served Falbo with notice at the time of arrest, and that a telephone call was made September 26, 1984, to the Department requesting a hearing. This request was denied as untimely on the basis of the information in the Department's records. There is nothing in the record to indicate that Falbo or his attorney submitted to the Department a written request for a hearing accompanied by a verified statement explaining Falbo's failure to make a timely request.

Because the Department's record shows proper notice to Falbo and reveals his failure to file the statutorily required written request and accompanying affidavit, we hold that the Department did not act arbitrarily and capriciously in denying the untimely phone call request for a hearing.

Further, we conclude that § 42–2–122.1(7)(c), C.R.S. (1984 Repl. Vol. 17) afforded Falbo an opportunity to be heard consistent with the requirements of due process. *See Patterson v. Cronin*, 650 P.2d 531 (Colo.1982). Thus, due process considerations do not require the Department to conduct a hearing to determine whether plaintiff received notice and whether he had sufficient reason for the untimely request for a Department hearing.

The judgment is reversed and the cause is remanded to the trial court for reinstatement of the order of revocation.

BABCOCK and SILVERSTEIN,* JJ., concur.